IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GABRIEL RUDY CORTEZ,<br><br>          Petitioner,<br><br>     vs.<br><br>GREG D. LEWIS, Warden,<br><br>          Respondent. | No. C 12-03819 EJD (PR)<br><br>ORDER TO SHOW CAUSE |

Petitioner, a state prisoner incarcerated at the Pelican Bay State Prison has filed a <u>pro se</u> petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was confined to the Secured Housing Unit ("SHU") at Pelican Bay State Prison after being validated as a gang member and is no longer eligible to earn good time credits based on a 2010 change in California law. (Pet. at 8-9.)

Petitioner filed several habeas petitions and the state high court denied review. (<u>Id.</u> at 4-5.)

///

Order To Show Cause
03819Cortez_osc.wpd

**DISCUSSION**

A.  Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

B.  Legal Claims

Petitioner claims the following grounds for federal habeas relief: (1) his rights under the Ex Post Facto clause were violated with the amendment to the law that precluded good time credits while in the SHU; and (2) there were not sufficient procedural protections with the enactment of the new law.  Petitioner's second claim is substantially similar to his first claim to the extent it involves the new law and is dismissed.[1]  Therefore, liberally construed, his Ex Post Facto claim is cognizable under § 2254 and merits an answer from Respondent.

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The Clerk shall serve by certified mail a copy of this order and the petition (Docket No. 1) and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California.  The Clerk also shall serve a copy of this order on Petitioner.

///

---

[1] To the extent that Petitioner challenges the prison's ability to place him in the SHU because he is a gang member, that does not state a claim for habeas relief as in Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003), the Ninth Circuit determined that California's policy of placing suspected gang members in segregation is an administrative decision, undertaken to preserve order in the prison.

Order To Show Cause
03819Cortez_osc.wpd             2

2.	Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3.	Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4.	Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

DATED: 1/31/2013

EDWARD J. DAVILA
United States District Judge

Order To Show Cause
03819Cortez_osc.wpd                         3

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

GABRIEL RUDY CORTEZ,   Case Number CV 12-03819 EJD (PR)

      Petitioner,

  v.   **CERTIFICATE OF SERVICE**

GREG D. LEWIS, Warden,

      Respondent.
_____/

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on _____2/1/2013_____, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) inter-office delivery receptacle located in the Clerk's office.

**Gabriel Rudy Cortez**
J-76501
Pelican Bay State Prison
P. O. Box 7500
Crescent City, Ca 95532

DATED: _____2/1/2013_____
                                      Richard W. Wieking, Clerk
                                      /s/ By: Elizabeth Garcia, Deputy Clerk

Order To Show Cause
03819Cortez_osc.wpd